UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IRENE MICHELLE SCHWARTZ-TALLARD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HSBC BANK USA, National Association; WELLS FARGO, N.A., its Assignees and/or Successors and DOES I through X inclusive,<br><br>Defendants. | Case No. 2:17-cv-02328-RFB-NJK<br><br>ORDER |

**I.    INTRODUCTION**

Before the Court is Plaintiff Irene Michelle Schwartz-Tallard's Motion for Preliminary Injunction. ECF No. 33. Defendants HSBC Bank USA, National Association and Wells Fargo, N.A. opposed the motion. ECF No. 37. Schwartz-Tallard filed a reply. ECF No. 42.

**II.   BACKGROUND**

Plaintiff sued Defendants in August 2017. ECF No. 3-1. After the matter was removed to this Court and the Court ruled on Defendants' Motion to Dismiss, Plaintiff filed her Amended Complaint. ECF Nos. 10, 27, 29. The Amended Complaint asserts three claims: (1) quiet title, (2) intentional infliction of emotional distress, and (3) breach of contract. ECF No. 29.

In relation to the quiet title claim, Plaintiff alleges she owns the at-issue property "free and clear of any note [or] lien." Id. She contends that she is the rightful owner of the property based on two theories. Id. First, she alleges that she owns the property free and clear as a result of a Bankruptcy Court order, in which the Bankruptcy Court set aside a previous foreclosure sale and

sanctioned Defendants for violating the automatic stay associated with the bankruptcy proceedings. Id.  Second, Plaintiff alleges that she owns the property free and clear because the underlying mortgage was reported as "paid in full" on her credit report and was later not reported at all.  Id.  Plaintiff therefore believes that Defendants wrote off the mortgage and seeks an order that the related promissory note no longer exists.  Id.

Plaintiff also alleges that she lost her job during the bankruptcy proceedings and could not continue to make the required payments.  Id.  Her bankruptcy matter was then dismissed.  Id.

Plaintiff now moves for a preliminary injunction to enjoin a foreclosure sale scheduled for November 30, 2018.  ECF No. 33.  Plaintiff argues a preliminary injunction is warranted given Defendants' misconduct during the bankruptcy proceedings; Defendants' subsequent attempts to foreclose on or to evict her from the property; and the Court's denial of Defendants' Motion to Dismiss as it related to the quiet title claim.  Id.  To support her motion, Plaintiff provides two exhibits: the notice of the foreclosure sale and an October 1, 2018 letter from Wells Fargo to Plaintiff.  ECF Nos. 43, 42-1.  The October 1 letter states that Wells Fargo recently corrected an error in the way the noted account was being reported to the credit reporting agencies.  ECF No. 42-1.  But the October 1 letter offers no information describing the status of the noted account, linking the noted account to the at-issue property, or clarifying the ownership of the at-issue property.  See id.

### III.    LEGAL STANDARD

A preliminary injunction is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008).  A plaintiff must establish four elements to obtain a preliminary injunction: (1) likelihood of success on the merits, (2) irreparable harm in the absence of preliminary relief, (3) the balance of equities tip in the plaintiff's favor, and (4) the public interest favors an injunction. Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014) (citing Winter, 555 U.S. 7, 20 (2008)).  The Ninth Circuit has also affirmed that a preliminary injunction may issue under the "serious questions" test, under which a plaintiff may obtain a preliminary

1 injunction by demonstrating "that serious questions going to the merits were raised and the balance
2 of hardships tips sharply in the plaintiff's favor." Alliance for the Wild Rockies v. Cottrell, 632
3 F.3d 1127, 1134–35 (9th Cir. 2011) (citation omitted). "A preliminary injunction is appropriate
4 when it grants relief of the same nature as that to be finally granted." Pac. Radiation Oncology,
5 LLC v. Queen's Med. Ctr., 810 F.3d 631, 635 (9th Cir. 2015) (citing De Beers Consol. Mines v.
6 United States, 325 U.S. 212, 220 (1945)).

**IV.     DISCUSSION**

The parties agree that Plaintiff can move for a preliminary injunction to enjoin the impending foreclosure sale only under her quiet title claim. The Court agrees. See Pac. Radiation Oncology, LLC, 810 F.3d at 635 (an injunction can only provide relief that could ultimately be granted). To succeed on a quiet title claim in Nevada, a party must prove "her own claim to the property in question" and "superiority of title." Chapman v. Deutsche Bank Nat'l Tr. Co., 302 P.3d 1103, 1106 (Nev. 2013). The plaintiff bears the burden of proving "good title in [herself]." Breliant v. Preferred Equities Corp., 918 P.2d 314, 318 (Nev. 1996), abrogation recognized on other ground by In re Frei Irrevocable Tr., 390 P.3d 646, 652 n. 8 (Nev. 2017).

Plaintiff fails to demonstrate a likelihood of success—or even a serious question—on the merits of the quiet title claim. The notice of the foreclosure sale and the October 1 letter do not clarify in any manner who owns the property. Plaintiff instead relies on her own allegations in her Amended Complaint and on her own beliefs constructed from the allegations. A preliminary injunction must not be issued unless a plaintiff has made a clear showing that such relief is warranted; a court cannot grant a preliminary injunction based on "pronouncements [] grounded in platitudes rather than evidence[.]" See Herb Reed Enterprises, LLC v. Fla. Entm't Mgmt., Inc., 736 F.3d 1239, 1250 (9th Cir. 2013). Further, Plaintiff's own allegations undermine her likelihood of success on the merits by admitting that she stopped making payments on the at-issue property during her bankruptcy proceedings after losing her job. Because Plaintiff fails to offer evidence sufficient to demonstrate a clear showing of a likelihood of success on the merits or a serious question as to the merits of her quiet title claim, the Court denies her motion accordingly.

## V. CONCLUSION

**IT IS ORDERED** that Plaintiff Irene Michelle Schwartz-Tallard's Motion for Preliminary Injunction (ECF No. 33) is DENIED without prejudice.

DATED November 20, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**