Amy F. Sorenson, Esq.
Nevada Bar No. 12495
Blakeley E. Griffith, Esq.
Nevada Bar No. 12386
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
asorenson@swlaw.com
bgriffith@swlaw.com

*Attorneys for Defendants HSBC Bank USA, National Association and Wells Fargo, N.A.*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| IRENE MICHELLE SCHWARTZ-TALLARD, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HSBC BANK USA, National Association, WELLS FARGO, N.A. its Assignees and/or Successors, and DOES I through X inclusive,<br><br>Defendants. | Case No. 2:17-CV-02328-RFB-NJK<br><br>**STIPULATION AND ORDER FOR PLAINTIFF TO FILE SECOND AMENDED COMPLAINT**<br><br>**(First Request)** |

This *Stipulation and Order for Plaintiff to File Second Amended Complaint (First Request)* ("Stipulation") is entered into as of the date below by and between HSBC Bank USA, National Association as Trustee for Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2006-AF2 incorrectly named as HSBC Bank USA National Association ("HSBC") and Wells Fargo Bank, N.A. ("Wells Fargo", together with HSBC, "Defendants"), by and through their counsel, Snell & Wilmer L.L.P. and Irene Michelle Schwartz-Tallard ("Plaintiff" and together with Defendants, the "Parties"), hereby stipulate to allow Plaintiff to file a Second Amended Complaint ("SAC") as follows:

WHEREAS, on June 27, 2018, Plaintiff filed her First Amended Complaint;

4846-4945-7273

WHEREAS, the Parties agree to allow Plaintiff to file the SAC to correct the name of HSBC, a copy of which is attached hereto as **Exhibit 1**;

WHEREAS this request is not made for purposes of delay and is supported by good cause; Plaintiff shall have until December 17, 2018 to file her Second Amended Complaint.

Dated: December 12, 2018.                   Dated: December 12, 2018.

SNELL & WILMER L.L.P.

By: /s/ Blakeley E. Griffith
  Amy F. Sorenson (NV Bar No. 12495)
  Blakeley E. Griffith (NV Bar No. 12386)
  3883 Howard Hughes Parkway, Suite 1100
  Las Vegas, NV 89169
  Telephone: (702) 784-5200
  Facsimile: (702) 784-5252
  *Attorneys for HSBC Bank USA, National Association and Wells Fargo, N.A.*

By: /s/ Michael J. Harker
  Michael J. Harker (NV Bar No. 5353)
  2901 El Camino Ave. #200
  Las Vegas, NV 89102
  Telephone: (702) 248-3000
  Facsimile: (702) 425-7290
  *Attorney for Plaintiff*

## ORDER

IT IS HEREBY ORDERED that the deadline for Plaintiff Irene Michelle Schwartz-Tallard to file her Second Amended Complaint shall be **December 17, 2018**.

DATED this 12th day of December 2018.

RICHARD F. BOULWARE, II
United States District Judge

4846-4945-7273

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2018, I electronically filed the foregoing **STIPULATION AND ORDER FOR PLAINTIFF TO FILE SECOND AMENDED COMPLAINT (First Request)** with the Clerk of Court for the U.S. District Court, District of Nevada by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

DATED this 11th day of December 2018.

/s/Gaylene Kim
An Employee of Snell & Wilmer L.L.P.

4846-4945-7273

# EXHIBIT 1

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

**MICHAEL J. HARKER, ESQ.**
Nevada Bar No. 005353
2901 El Camino Ave., #200
Las Vegas, Nevada 89102
(702) 248-3000
Attorney for Plaintiff

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| IRENE MICHELLE SCHWARTZ-TALLARD, an individual<br><br>Plaintiff,<br><br>vs.<br><br>HSBC BANK USA, National Association, as Trustee for Nomura Asset Acceptance Corporation Mortgage Pass-Through Certificates Series 2006-AF2, WELLS FARGO, N.A it's Assignees and/or Successors, and, DOES I through X inclusive,<br><br>Defendants. | CASE NO: 2:17-cv-02328-RFB-NJK<br><br>ARBITRATION EXEMPT<br>DECLARATORY RELIEF SOUGHT<br>AMOUNT EXCEEDS $50,000.00 |

## SECOND AMENDED COMPLAINT

COMES NOW Plaintiff, IRENE MICHELLE SCHWARTZ-TALLARD by and through her attorney of record, MICHAEL J. HARKER, ESQ., and hereby Complains against the Defendants as follows:

## JURISDICTION

1. That the Plaintiff, IRENE MICHELLE SCHWARTZ-TALLARD for all purposes herein, has been and continues to be a resident of the County of Clark, State of Nevada and owner of the real property at 17 Caprington Road, Las Vegas, Nevada 89052.

2. That Defendant HSBC BANK USA, National Association as Trustee for Nomura Asset Acceptance Corporation Mortgage Pass-Through Certificates Series 2006-AF2 ("HSBC BANK USA") and WELLS FARGO, N.A. are Corporations duly licensed to do business in the State of Nevada and are alleging to be the current

1 owner of the property in question and on two different occasions, have attempted to evict the Plaintiff from her property.

3. The true names and capacities, whether partnership, individual, corporate, associate or otherwise of Defendants JOHN DOES I through V and DOE CORPORATIONS I through V, inclusive, are unknown to Plaintiff at this date; said Defendant is named herein, but may be responsible or liable to the Plaintiff by virtue of the actions hereinafter described and Plaintiff reserves its right to amend the Complaint to insert any additional charging allegations, together with their true identities and capacities, when the same have been ascertained.

## GENERAL ALLEGATIONS

4. That Plaintiff filed a bankruptcy, case number 07-11730 for among other reasons, to stay a foreclosure which had been brought by the original holder of the promissory note secured by a Deed of Trust on the property in question.

5. That Plaintiff had a plan confirmed in said bankruptcy which included paying the arrears and continuing to make post petition payments.

6. That Plaintiff was current on said post petition payments and current on the payment of the United States Trustee.

7. That notwithstanding the same, Defendant filed a Motion to Lift the Automatic Stay alleging that Plaintiff had fallen behind on her mortgage payments and that the stay could be lifted.

8. That the automatic stay was lifted and Plaintiff foreclosed on the property in question on or about May 2009.

9. That through the Bankruptcy Court, Plaintiff filed a Motion to Set Aside the Sale and Reinstate the Automatic Stay.

10. That as a result of the clear violation of the automatic stay and the submission of falsified documentation by Defendant, the sale was ultimately set aside and the stay was reinstated.

- 2 -

4834-4821-6450.1

11. That notwithstanding the same, Defendant was sanctioned for violation of the automatic stay in the amount of $60,000.00 plus an additional $20,000.00 in attorneys fees.

12. That Defendant appealed said decision which was ultimately upheld by Honorable Gloria Navarro.

13. That pursuant to said Order, Defendant clearly had not only violated the automatic stay but had committed a wrongful foreclosure by foreclosing on the property in question.

14. This entire lawsuit stems from original accusations of the Defendant, Wells to the Bankruptcy Court which were lies, deceits and misrepresenting of the truth which clearly showed that Defendant Wells did not do its due diligence.

15. Indeed, the Bankruptcy Court stated that Plaintiff's had the right to seek additional actions against the Defendant's outside of Bankruptcy Court and this is what Plaintiff had and has decided to do. Additionally, if Defendants continued to harass the Plaintiff, the Court would issue sanctions much more severe than what had previously been awarded.

16. That notwithstanding the same, as a result of the actions of the Defendant, Plaintiff ultimately lost her job which she cherished.

17. That the loss of her job was as a result of the emotional stress caused by the actions of the Defendant.

18. That specifically, not only had the property been foreclosed on, but Defendant had submitted documentation to the Plaintiff that she was to be evicted from the property in question.

19. That Plaintiff suffered a great deal of emotional distress which lead to her ultimate termination of employment and on a number of occasions sent her to the Emergency Room and has required her to be on multiple anti-depressants.

- 3 -

4834-4821-6450.1

20. That as a result of the same, Plaintiff could not continue her bankruptcy payments inasmuch as she had lost her employment and ultimately her bankruptcy was dismissed.

21. That Plaintiff continues to reside in the property and upon information and belief, Defendants will shortly attempt to foreclose on the property again.

22. That additionally, Defendant continues to send statements alleging ,monies due and owing in excess of $200,000.00 and Defendant continues to fail to apply payments which have actually been made by the Plaintiff as well as the Chapter 13 Trustee.

23. That notwithstanding the same, Defendant HSBC BANK USA initiated eviction proceedings by having representatives of the Defendant specifically a Pawl Szott on or about July 16, 2013 come to the door and stated that the house had been foreclosed on and that WELLS FARGO/HSBC BANK USA was the owner of the property.

24. That on or about July 7, 2013, said individual contacted the Plaintiff and said he was going to give her one more chance to work with "WELLS FARGO" so he would not have to evict her and would give $3,000.00 to $5,000.00 in moving costs.

25. That on or about July 19, 2013, he contacted the Defendant regarding paperwork that he needed to drop off.

26. That said representative claimed numerous times that the property had been foreclosed on and he was going to evict her from the property which caused extreme stress and forced the Plaintiff to go to the hospital on a few occasions.

27. That said individual on numerous occasions, came to the property alleging that the property had been foreclosed on.

28. That it should also be noted that all this attempt to evict the plaintiff had been done while she was in a Chapter 13 bankruptcy.

4834-4821-6450.1

29. That furthermore, the Plaintiff informed the individual that she had an attorney and that he should speak to him directly, which representatives laughed at.

30. That notwithstanding the same, said representations were false and misleading inasmuch as the property is owned and continues to be owned by the Plaintiff.

31. That notwithstanding the same, after repeat statements to representatives of WELLS FARGO and HSBC BANK USA, on or about October 29, 2013 a Three Day Notice to leave the property in question was served upon the Plaintiff.

32. That subsequently, a verified Complaint for Unlawful Detainer and Writ of Restitution was filed on November 7, 2013.

33. That representatives of the Defendant HSBC BANK USA admit that they served a three day notice and attempted to evict her and fled of course the temporary writ of restitution.

34. That notwithstanding the same, HSBC BANK USA did not end attempting to evict the Plaintiff.

35. That additionally, in said Complaint, HSBC BANK USA stated that Plaintiff should pay reasonable rent on the property in question.

36. That Defendants, each and every one of them have been very well aware that the property is not theirs but continue to allege that they are the owners of the property and have attempted to evict the Plaintiff in question.

37. That recently a new Three Day Notice was placed on the door of the Plaintiff.

38. That additionally, a Complaint for Unlawful Detainer was filed in Henderson Justice Court and once again, the same Defendant, HSBC BANK USA is now attempting to evict the Plaintiff yet again.

39. That a hearing had been set for September 4, 2014 to attempt to evict the Plaintiff from the property.

40. That the actions of the Defendants are astonishing in as much as Plaintiff has shown on numerous occasions that she is the owner of the property in question but yet, they continue to attempt to evict her from rightfully owned said property.

- 5 -

4834-4821-6450.1

41. Subsequently, Plaintiff was able to stop the eviction.
42. That notwithstanding, WELLS FARGO continues to send monthly statements and monthly threats of foreclosure and/or eviction and continues to do so to date.
43. That on May 3, 2016, a representative "William" with PJ Inspections came requesting to take pictures of the property alleging to be a representative of WELLS FARGO.
44. That if recent attempts continue, aside from emotional and physical distress, Plaintiff risks losing a second dream job due to not being able to do her job freely and without fear every time she comes home.
45. That as this Court is aware, Plaintiff has filed law suits previously which were dismissed without prejudice.
46. That notwithstanding, Defendants continual harassment of eviction and/or foreclosure and failure to negotiate in good faith has left the Plaintiff with no other choice but to re file another law suit.
47. That Plaintiff believes that the harassment has been minimally once a month, if not more and to this point although Defendant has not initiated foreclosure, the threat continues and Plaintiff once again brings this action to resolve all issues.
48. That the actions of the Defendant have been extreme and outrageous and border on fraudulent conduct.
49. That to attempt to evict the Plaintiff when she actually owns the property in question without having conducted any foreclosure proceedings is astonishing and the fact that they continue to do so despite being very well aware that the original foreclosure was rescinded, borders on fraud.
50. That Defendant continues to send documentation to the Plaintiff alleging foreclosure despite not having prepared the same.
51. That indeed, Defendant has furthermore continued to make allegations that they are going to evict the Plaintiff.

- 6 -

4834-4821-6450.1

MICHAEL J. HARKER, ESQ.
2901 EL CAMINO AVE., #200
LAS VEGAS, NEVADA 89102
(702) 248-3000 - FAX 425-7290

52. That the actions of the Defendant herein rise to the level of substantial punitive damages as most recently set forth in <u>Sunquist v. Bank of America N.A.</u>, 217 WL 1102964.

53. That it should be noted that the bankruptcy case of the Plaintiff herein, is sited in said case allowing for a punitive damages judgment of $44,000,000.00.

54. That Plaintiff recently reviewed her credit and it has come to light that the loan in question which had been shown as paid in full is no longer showing on Plaintiff's Credit Report.

55. That specifically, neither Defendant herein is showing that Plaintiff has a loan or that any monies are due and owing.

56. That Plaintiff has taken the position the Defendants have written off said loan and removed it from their books and therefore, there are no monies due and owing.

57. That Plaintiff is further requesting that the Court find that the promissory note secured by the Deed of Trust no longer exists and the Plaintiff should receive clear title to the property in question.

### FIRST CAUSE OF ACTION
(Quiet Title)

58. Plaintiff realleges and reaffirms the allegations contained in paragraphs 1-57 as those set forth in full herein and further allege as follows:

59. That Plaintiff is requesting that the Court make an Order, just like the Bankruptcy Court, that the property rightfully belongs to the Plaintiff in question and quiet title in the name of the Plaintiff.

60. That Defendants continue to allege that they are owner of the property despite the fact that an Order setting aside the foreclosure was filed and recorded with the County Recorders Office.

61. That Plaintiff is requesting that the Court find that the property is free and clear of any note and/or lien.

- 7 -

4834-4821-6450.1

62. That specifically, Plaintiff s the rightful owner of the property and the loan in question has been extinguished by both Defendants herein and is no longer a collectible debt.

63. That Plaintiff furthermore has been required to retain the services of Michael J. Harker, Esq., duly licensed attorney, and is entitled to recover reasonable attorney's fees for having brought the underlying action.

**SECOND CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**

64. Plaintiff realleges and reaffirms the allegations contained in paragraphs 1-63 as those set forth in full herein and further allege as follows:

65. That the actions of the Defendants rise to the level of Intentional Infliction of Emotional Distress.

66. That specifically, the conduct of the Defendants have been extreme and outrageous and suffice to say that the actions shock the conscience of a reasonable person.

67. That Plaintiff has suffered damages in an amount in excess of $10,000.00 as a result of said intentional infliction of emotional distress.

68. That Plaintiff furthermore is entitled to punitive damages in an amount in excess of $10,000.00 as a result of said intentional infliction of emotional distress.

69. That Plaintiff furthermore has been required to retain the services of Michael J. Harker, Esq., duly licensed attorney, and are entitled to recover reasonable attorney's fees for having brought the underlying action.

**THIRD CAUSE OF ACTION**
**(Breach of Contract)**

70. Plaintiff realleges and reaffirms the allegations contained in paragraphs 1-69 as those set forth in full herein and further allege as follows:

71. That specifically, the parties executed a Deed of Trust on or about May 9, 2006 regarding the property in question.

- 8 -

4834-4821-6450.1

72. That pursuant to the Deed of Trust, each party has rights and obligations as it relates to said Deed of Trust.
73. That specifically, beginning with paragraph 17 of the Deed of Trust, the bank has the right to accelerate should monies be due and owing and ultimately foreclose on the property.
74. That additionally, paragraph 18 of the Deed of Trust allows the Borrower to reinstate said mortgage.
75. That Plaintiff must be in Default to initiate foreclosure proceedings and to ultimately evict the Plaintiff pursuant to the said Deed of Trust.
76. That the actions as set forth in the Complaint above are breached of the Deed of Trust by specifically initialing foreclosure on the property when Plaintiff was current on it's obligations.
77. That additionally, the actions as set forth above constitute a breach by attempting to evict the Plaintiff despite the fact that Defendant had not exercised the requirement to foreclose.
78. That additionally, pursuant to the acceleration and remedies clause of the Deed of Trust, the Trustee needs to execute a written notice of the occurrence in the event of Default and if the Lenders election has caused the property to be sold which shall be recorded with the County Recorders Office.
79. That Defendant did not cause the recordation to occur and instead attempted to conduct eviction proceedings.
80. That subsequently, Defendant has continued to harass the Plaintiffs and has continued to demand alleged monies due and owing without initiating the foreclosure proceeding.
81. That Defendant has furthermore has attempted to take pictured and otherwise act as though they own the property without having followed it's requirements under the Deed of Trust which would be a breach of contract.

- 9 -

**MICHAEL J. HARKER, ESQ.**
2901 El Camino Ave., #200
Las Vegas, Nevada 89102
(702) 248-3000 - Fax 425-7290

82. That Plaintiff has been damaged in an amount in excess of $10,00.00 as a result of the breach of contract.

83. That Plaintiff furthermore has been required to retain the services of Michael J. Harker, Esq., duly licensed attorney, and are entitled to recover reasonable attorney's fees for having brought the underlying action.

**WHEREFORE**, Plaintiff prays as follows:

1. For declaratory relief quieting title of the property in the name of the Plaintiff.
2. For damages in an amount in excess of $10,000.00.
3. For costs of court.
4. For attorney's fees, and;
5. For any and all further relief deemed appropriate by this Court.

RESPECTFULLY SUBMITTED this 11th day of December 2018.

          Law Office of Michael J. Harker, Esq.

          By /s/ Michael J. Harker
          **MICHAEL J. HARKER, ESQ.**
          Nevada Bar No. 005353
          2901 El Camino Ave., #200
          Las Vegas, Nevada 89102
          (702) 248-3000
          Attorney for Plaintiff

4834-4821-6450.1