# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IRENE MICHELLE SCHWARTZ-TALLARD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HSBC BANK USA, National Association; WELLS FARGO, N.A., its Assignees and/or Successors and DOES I through X inclusive,<br><br>Defendants. | Case No. 2:17-cv-02328-RFB-NJK<br><br>**ORDER** |

## I. INTRODUCTION

Before the Court are Defendants HSBC Bank USA, National Association and Wells Fargo Bank, N.A.'s ("Defendants") Motion for Summary Judgment. ECF No. 56. For the following reasons, the Court grants the motion.

## II. PROCEDURAL BACKGROUND

Plaintiff Irene Michelle Schwartz-Tallard ("Schwartz-Tallard") sued Defendants in the Eighth Judicial District Court in Clark County, Nevada in August 2017. ECF No. 1. In her complaint, Schwartz-Tallard asserted causes of action for quiet title, fraud/misrepresentation, negligence, intentional infliction of emotional distress, breach of contract and negligence per se. Id. Defendants removed the case to this Court on September 5, 2017. ECF No. 1. Defendants filed a motion to dismiss on October 3, 2017, that this Court granted in part and dismissed in part on June 13, 2018. ECF Nos. 10, 27. The Court dismissed Schwartz-Tallard's fraud/misrepresentation and

negligence/negligence per se claims with prejudice. Id. The Court denied the motion on the remaining claims except for the breach of contract claim, which it dismissed without prejudice granting leave to Schwartz-Tallard to amend her complaint as necessary. Id. Schwartz-Tallard filed her amended complaint on June 27, 2018. ECF No. 29. The complaint reasserted the three remaining causes of action after the hearing on the motion to dismiss: quiet title, intentional infliction of emotional distress, and breach of contract. Id. Schwartz-Tallard then moved this Court for a temporary restraining order and preliminary injunction. ECF Nos. 33, 47. The Court denied both motions. ECF Nos. 44, 47. The parties stipulated and the Court granted an order permitting Schwartz-Tallard to file a second amended complaint. ECF No. 50. Schwartz-Tallard filed the second amended complaint on January 30, 2019, which asserted the same three claims of quiet title, intentional infliction of emotional distress, and breach of contract. ECF No. 55. Defendants moved for summary judgment on all three claims on February 27, 2019. ECF No. 56. The motion was fully briefed. ECF Nos. 64, 70. Defendants answered the third amended complaint on August 23, 2019. ECF No. 74.

**III.   FACTUAL BACKGROUND**

The Court makes the following findings of undisputed and disputed facts.[1]

**a. Undisputed Facts**

On or around 2006, Schwartz-Tallard purchased real property located at 17 Caprington Road, Henderson, Nevada, 89052 (the "property"). Schwartz-Tallard purchased the property with a $520,000 loan from lender Soma Financial secured by a senior deed of trust. The deed of trust was subsequently assigned to HSBC Bank by its attorney-in-fact Wells Fargo.

---

[1] The Court takes judicial notice of all public records filed in this case, including the bankruptcy petitions, orders from other court proceedings, transcripts from other court proceedings and deeds of trust. Fed. R. Evid. 201 (b)(d); see also Lee v. Cty. of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that courts may take judicial notice of undisputed public records).

Schwartz-Tallard defaulted on her loan obligations and filed for Chapter 13 bankruptcy on March 30, 2007. An automatic stay went into effect pursuant to the Bankruptcy Code. 11 U.S.C. § 362. On February 27, 2009, Wells Fargo's subsidiary, through its counsel, moved for relief from the stay on the property and permission to move forward with foreclosure proceedings. The bankruptcy court granted the motion and lifted the stay on April 6, 2009. Schwartz-Tallard moved to reinstate the stay on May 6, 2009. The bankruptcy court granted Schwartz-Tallard's unopposed motion on the record at a hearing on May 13, 2009, but did not enter its written order until June 3, 2009. The foreclosure sale went forward, despite the bankruptcy court's order at the hearing, on May 20, 2009.

Schwartz-Tallard moved the bankruptcy court for sanctions and attorneys' fees for violating the stay. The court awarded Schwartz-Tallard $80,000 in damages, including $20,000 in punitive damages, and $20,000 in attorneys' fees and costs, in a written order dated February 10, 2010. The court also ordered that the property be put back in Schwartz-Tallard's name within two days of entry of the written order. A rescission of trustee's deed upon sale was eventually recorded on October 2, 2014.

Schwartz-Tallard then again moved for sanctions for violation of the automatic stay on June 8, 2011. In this motion, Schwartz-Tallard alleged that the monthly payments being sent to her by Wells Fargo's subsidiary, Americas Servicing Company, were incorrect. The bankruptcy court denied the motion on the record on October 18, 2011. On November 16, 2011, the bankruptcy court dismissed the bankruptcy proceeding due to Schwartz-Tallard's failure to make required plan payments.

Schwartz-Tallard then filed two subsequent petitions for Chapter 13 bankruptcy on February 28, 2013 and September 13, 2013 respectively. The bankruptcy court denied both

petitions on August 6, 2014 and December 4, 2013 for failure to make required plan payments. Schwartz-Tallard filed a fourth Chapter 13 bankruptcy on November 29, 2018.

Schwartz-Tallard has also filed two prior lawsuits against Defendants. On March 29, 2012, Schwartz-Tallard filed a lawsuit in Clark County that was removed to this Court. In her complaint for the 2012 lawsuit, Schwartz-Tallard alleged that Defendant had continued to send statements alleging money owed in excess of $100,000 and that she had suffered substantial damages from the May 2009 stay violation. Schwartz-Tallard asserted causes of action for wrongful foreclosure, fraudulent misrepresentation, intentional infliction of emotional distress, breach of contract, negligence, negligent infliction of emotional distress, and sought an injunction to prevent Defendants from foreclosing on the property again. Judge Navarro granted Defendants' unopposed motion to dismiss and dismissed the complaint with prejudice.

Schwartz-Tallard filed a second complaint in Clark County on September 9, 2014. In this complaint, Schwartz-Tallard asserted substantially similar causes of action, but alleged additional facts in the complaint. Defendants again removed the case to this Court, and Judge Navarro again granted Defendants' unopposed motion to dismiss, but this time without prejudice.

In November 2013, Defendants or their privies filed a verified Complaint for Unlawful Detainer and Writ of Restitution. An eviction hearing was also scheduled to occur in September 2014. Schwartz-Tallard successfully challenged the validity of the eviction proceedings and continues to live on the property. Schwartz-Tallard has not made a mortgage payment since 2009.

### b. Disputed Facts

The Court does not find there to be any material disputed facts.

## IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

## V. DISCUSSION

The Court first addresses Schwartz-Tallard's quiet title claim. A party may bring a quiet title action in Nevada against "another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat § 40.010 (West 2019). A plea to quiet title does not require any particular elements, but "each party must plead and prove his or her own claim to the property in question" and a "plaintiff's right to relief [ultimately]depends on superiority of title." Res. Grp., LLC v. Nevada Ass'n Servs., Inc, 437 P.3d 154, 157–58 (Nev. 2019).

Schwartz-Tallard seeks to quiet title and specifically requests an order from this Court stating that the property rightfully belongs to Schwartz-Tallard and is free and clear of any note or lien.

Defendants argue that they are entitled to summary judgment on Schwartz-Tallard's quiet title claim because it is barred by the doctrines of claim and issue preclusion. They also argue that even if the Court were to find that claim and issue preclusion did not apply, they would still be entitled to summary judgment on the merits of Schwartz-Tallard's quiet title claim.

In diversity actions, such as this case presently before the Court, Nevada state law dictates whether and when claim or issue preclusion apply. Jacobs v. CBS Broadcasting, Inc. 291 F.3d 1173, 1177 (9th Cir. 2002). Under Nevada law, claim preclusion, also called res judicata, applies when (1) the parties or their privies are the same; (2) the final judgment is valid; and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case. Mendenhall v. Tassinari, 403 P.3d 364, 368 (Nev. 2017) (citing Five Star Capital Corp. v. Ruby, 194 P.3d 709, 713 (Nev. 2008) modified on other grounds by Weddell v. Sharp, 350 P.3d 80 (2015)).

By contrast, issue preclusion, also called collateral estoppel, applies when (1) the issue decided in the prior litigation is identical to the issue presented in the current action; (2) the initial ruling was final and on the merits; (3) the party against whom the judgment is asserted was a party or in privity with a party in the prior litigation; and (4) the issue was actually and necessarily litigated. In re Sandoval, 232 P.3d 422, 423 (Nev. 2010).

Defendants argue that, because Schwartz-Tallard's quiet title claim stems from the violation of the 2009 automatic stay, claim preclusion applies because the same parties or their privies were involved in both actions and the previous rulings by both the bankruptcy court in

2011 and Judge Navarro in 2013 were valid final judgments. However the Court does not agree with Defendants that Schwartz-Tallard's quiet title stems entirely from the violation of the automatic stay. Schwartz-Tallard bases her quiet title claim in part on events that could not have been raised in either of these prior actions—including the filing of a verified Complaint for Unlawful Detainer and Writ of Restitution filed in November 2013 and an eviction hearing that was scheduled to occur in September 2014—both actions that Defendant has admitted to in their answer to Schwartz-Tallard's second amended complaint. Thus while it is true that the 2009 violation of the automatic stay was obviously a significant triggering event, the Court does not find that Schwartz-Tallard's quiet title claim is identical to the quiet title claims previously raised, as new events allegedly occurred that caused Schwartz-Tallard to seek relief from the courts affirming the superiority of her title. For the same reason, the Court also does not find that issue preclusion attaches, as the same issues were not actually and necessarily litigated in either of the prior actions.

Defendants next argue that they are entitled to summary judgment on Schwartz-Tallard's quiet title claim because in order to establish good title, Schwartz-Tallard must allege that she has paid any debt owed on the property. The Court agrees with Defendants. While the Nevada Supreme Court has not explicitly made this a necessary element to plead in a quiet title action,[2] it has considered the question inferentially. Cf. Res. Grp. LLC, 437 P.3d at 158 (party can void

---

[2] Defendants cite Wensley v. First Nat. Bank of Nevada, 874F. Supp.2d 957, 966 (D. Nev. 2012). That case in turn cites another District of Nevada case, Lawlani v. Wells Fargo Bank, N.A., No. 2:11-cv-0084-KJD-PAL, 2011 WL 4574338, at * 1, 3 (D. Nev. 2011). Lawlani cites a since depublished case from the California Court of Appeals, construing California state law, to support this proposition that plaintiffs must allege payment of any debt in order to have a valid quiet title claim. Ferguson v. Avelo Mortg. LLC, 126 Cal. Rptr. 3d 586 (Cal. Ct. App. 2011) (review denied and ordered unpublished on September 14, 2011).

foreclosure sale if it can show it cured its default before the sale). Schwartz-Tallard admits she has not made a loan payment since 2009. She is therefore in default on her loan obligations as articulated in the 2006 deed of trust. The Court thus finds that she does not have superior title to the property, and grants summary judgment to Defendants on their quiet title claim.

The Court next addresses Schwartz-Tallard's claim for intentional infliction of emotional distress ("IIED"). To establish a claim for IIED, a plaintiff must prove: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) the plaintiff's having suffered severe or extreme emotional distress; and (3) actual or proximate causation." Star v. Rabello, 625 P.2d 90, 92 (Nev. 1981) (internal citation omitted). Liability for emotional distress is reserved for acts that "shock the conscience." Id.

Schwartz-Tallard argues that she is entitled to damages for IIED due to Defendants' mistaken eviction attempts in 2013 and 2014, continuing phone calls, and continuous sending of incorrect monthly statements.

Defendants argue that Schwartz-Tallard's IIED claim is time-barred, as Nevada provides a two-year statute of limitation for intentional emotional distress. Nev. Rev. Stat § 11.190(4)(e) (providing two-year statute of limitations for "action[s] to recover damages for injuries to a person . . . caused by the wrongful act or neglect of another"). Because Schwartz-Tallard filed her complaint on August 1, 2017, anything that occurred before August 1, 2015 is not actionable. Defendants also argue that to the extent that Schwartz-Tallard alleges events that occurred after August 1, 2015, Schwartz-Tallard would still be unable to prevail on her IIED claim because the conduct alleged cannot meet the standard of "extreme and outrageous" conduct.

The Court agrees with Defendants and finds that Schwartz-Tallard has alleged no events that occurred after August 1, 2015 that could support an IIED claim. In her declaration in support

of her opposition to Defendants' summary judgment motion, Schwartz-Tallard states that she has received countless phone calls, mentions the aforementioned eviction attempts, and states that she suffers anxiety due to Defendants' actions. She also alleges that an individual purporting to represent Wells Fargo took pictures of the property in May 2016. The parties dispute whether this last allegation actually occurred, but whether it did or not is immaterial. Construing all these facts as true and drawing all inferences in Schwartz-Tallard's favor, the Court does not find that any of this behavior is extreme and outrageous. Schwartz-Tallard admits to not having made a mortgage payment since 2009. Schwartz-Tallard's deed of trust permits the lender or its agent to "make reasonable entries upon and inspection of the Property." Defendants' alleged actions are nothing more than understandable attempts to enforce its secured debt interest.

Finally the Court turns to Schwartz-Tallard's breach of contract claim. Breach of contract is "a material failure of performance of a duty arising under or imposed by agreement." Bernard v. Rockhill Dev. Co., 734 P.2d 1238, 1240 (Nev. 1987). A party's failure to perform its obligations under a contract excuse the other party's further obligations to perform under the contract. Young Elec. Sign Co. v. Fohrman, 466 P.2d 846, 847 (1970) ("The lessee's material breach in failing to pay rent excused further performance by the lessor.") (internal citations omitted).

Schwartz-Tallard alleges she is entitled to damages for breach of contract because Defendants violated the deed of trust by foreclosing on the property when Schwartz-Tallard was still current on payments. She also alleges that Defendants further breached the deed of trust by conducting eviction proceedings in 2013 and 2014 in lieu of properly restarting foreclosure proceedings.

Defendants argue that they are entitled to summary judgment as a matter of law on Schwartz-Tallard's breach of contract claim because Schwartz-Tallard has already recovered damages related to the improper foreclosure in 2009 and is thus precluded from bringing that claim again. Defendants also argue that Schwartz-Tallard's failure to make mortgage payments since 2009 constitutes a material breach of contract that excuses Defendants from further performance under the contract.

The Court agrees with Defendants. Schwartz-Tallard has already recovered damages from Defendants' 2009 violation of the stay and so is precluded from bringing a breach of contract claim stemming from the 2009 violation of the stay again. The Court also agrees that Schwartz-Tallard has materially breached the deed of trust such that Defendants are excused from further performance of the contract. The Court thus grants summary judgment to Defendants on Schwartz-Tallard's breach of contract claim.

## VI. CONCLUSION

**IT IS ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 56) is GRANTED. The Clerk of the Court is instructed to enter judgment in favor of Defendants on all claims and close the case.

DATED: September 25, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**