1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6

* * *

7
8
9
10
11
12
13

| | |
|---|---|
| IRENE MICHELLE SCHWARTZ-TALLARD,<br><br>Plaintiff<br><br>v.<br><br>HSBC BANK USA, National Association;<br>WELLS FARGO, N.A., its Assignees and/or<br>Successors and DOES I through X inclusive,<br><br>Defendants. | Case No. 2:17-cv-02328-RFB-NJK<br><br>**ORDER** |

14

## I.   INTRODCUTION

15        Before this Court is Defendants HSBC Bank USA and Wells Fargo N.A.'s Motion for

16    Attorneys' Fees and Costs pursuant to Federal Rule of Civil Procedure 54(d)(2) and Nevada Rule

17    of Civil Procedure 68 in the amount of $10,224.10. ECF No. 77. For the reasons stated below, this

18    Court grants Defendants' motion.

19

20

## II.   PROCEDURAL BACKGROUND

21        Plaintiff filed a quiet title/breach of contract action concerning property in Nevada on

22    August 1, 2017 in Nevada State Court. ECF No.1. Defendants removed this case to this Court on

23    September 5, 2017. Id. On January 30, 2019, Plaintiff filed an amended complaint. ECF No. 55.

24    On February 27, 2019, Defendants filed a motion for summary judgment, which was fully briefed

25    on May 14, 2019. ECF Nos. 56,64,70. On September 19, 2019, this Court issued an order granting

26    Defendants' motion for summary judgment and the Clerk of the Court entered judgment in favor

27    of Defendants. ECF Nos. 76, 77. Defendants filed a motion for attorney fees and costs on October

28    9, 2019. ECF No. 77. Plaintiff did not file an opposition to this motion.

### III.    LEGAL STANDARD

In an action involving state law claims, [federal courts] apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule." MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co., 197 F.3d 1276, 1282 (9th Cir. 1999). "Rule 54 provides a federal procedural mechanism for moving for attorneys' fees that are due under state law." Cheffins v. Stewart, 825 F.3d 588, 597 (9th Cir. 2016). Under Rule 54, a party may move for attorneys' fees but must "specify the judgment and the statute, rule or other grounds entitling the movant to the award[.]" Fed. R. Civ. P. 54(a)(d)(2).

The Ninth Circuit has recognized that Nevada law permits a party to "recover attorneys' fees if an offer of judgment is rejected." Cheffins, 825 F.3d at 597. See also Nev. R. Civ. P. 68. Thus, while a party must follow Rule 68 when making an offer of judgment to an opposing party in a federal matter, the Court must apply Nevada law to determine if an award of attorneys' fees is warranted. MRO Commc'ns, Inc., 197 F.3d at 1282–83. See also Fed. R. Civ. P. 68 (governing the procedure for making offers of judgment).

Under Nevada law, an award for attorneys' fees is permitted if a party rejects an offer of judgment and fails to obtain a greater recovery at trial. Nev. R. Civ. P. 68. A court must consider four factors to determine if attorney' fees should be recovered under Nevada law: whether (1) the plaintiff brought the claims in good faith; (2) the defendant's offer of judgment was reasonable and made in good faith; (3) the plaintiff's rejection of the offer was "grossly unreasonable or in bad faith;" and (4) the fees sought are reasonable and justified. Beattie v. Thomas, 668 P.2d 268, 274 (Nev. 1983). If the four factors weigh in favor of the party seeking attorneys' fees, the court may award the fees in its discretion. Beattie, 668 P.2d at 274.

### IV.    DISCUSSION

Plaintiff failed to respond to Defendants' motion or even file a request for an extension of time to file a response. Therefore, the Court grants Defendants' motion. See Local Rule, LSR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion … constitutes a consent to the granting of the motion.").

The Court also finds that in considering the four <u>Beattie</u> factors, Defendants' attorney' fees in the amount of $10,224.10 is warranted. First, Plaintiff's claims were not made in good faith. Plaintiff admitted that she failed to make a loan payment on the property at issue since 2009; however, she claimed that she was entitled to property free and clear of any note or lien in imitating a lawsuit against Defendants. Also, as this Court found in its order granting Defendants' summary judgment, because Plaintiff already recovered damages under the breach of contract claim in 2009 and Plaintiff materially breached the Deed of Trust, excusing Defendants from continuing to perform the contract, Plaintiff was precluded from bringing such claim. Therefore, Plaintiff's claims were not brought in good faith.

The second and third <u>Beattie</u> factors also weigh in favor of Defendants. Based on Defendants position and accurate belief that they had no liability in this action, Defendants presented Plaintiff with a reasonable offer of judgment. As evidence by the attached exhibits, Defendants served Plaintiff with an offer of judgment pursuant to Fed. R. Civ. P. 68 and Nev. R. Civ. P. 68 in the amount of $2,000.00. Plaintiff had until March 21, 2019 to accept the offer but refused to do so which was unreasonable. Finally, the amount of attorneys' fees is reasonable. As evidenced by the attached affidavit including an itemization as required by Local Rule 54-14, it is apparent that the fees and cost were reasonable and necessary due to Plaintiff's rejection of Defendants previous offer.

After evaluating the factors, this Court finds the <u>Beattie</u> factors weigh in favor of granting Defendants' attorneys' fees and costs.

/ / /

/ / /

/ / /

3

1

## V.      CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion for Attorneys' Fees and Costs (ECF No. 77) is GRANTED. The Court awards attorney's fees pursuant to Fed. R. Civ. P. 54(d)(2) and Nev. R. Civ. P. 68 in the amount of $10,224.10 to Defendants' counsel Snell & Wilmer L.L.P.

**DATED:** <u>November 30, 2020</u>.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**